OPINION OF THE COURT
Robert L. Nahman, J.
FINDINGS OF FACT
On August 11, 1983, while walking to the garage of her apartment building, claimant was robbed at gunpoint.
Mrs. Jacobs testified that on the date of the occurrence, she walked down a flight of stairs and through a long walkway outside her apartment building in order to reach the pedestrian entrance of the garage. She inserted a plastic card into an electronic device next to the door which, if working properly, should have unlocked the door and then locked it behind her once she was inside. The device, however, did not “buzz” indicating that it was broken and that the door was unlocked. For at least eight days prior to this incident this device had been inoperable. As she approached the pedestrian entrance, Mrs. Jacobs stated that a man came “flying down the stairs” and when she opened the door and was about to enter the garage, he was proceeding towards her and a few moments thereafter, pointed a gun to her head and stole her pocketbook and *911 umbrella. Mrs. Jacobs testified that her pocketbook contained $120 in cash, a ring which she estimated to be worth approximately $400, a wallet, sunglasses, pill box and various papers. She further testified that if the,door had been in good working order, she would have run inside the garage and the door would have quickly closed behind her. However, since it was broken, there was no sense in her trying to run inside as the door would not lock and the perpetrator could have gained entry into the garage.
CONCLUSION OF LAW
The issue presented here is apparently one of first impression, that is, whether the landlord and tenant relationship imposed upon the landlord a duty to protect the tenant against the criminal acts of third persons, at a point outside its building.
A landlord is not an insurer of the personal safety of its tenants. However, a landlord must exercise reasonable care to protect its tenants against any foreseeable dangers. (Basso v Miller, 40 NY2d 233.)
The precise circumstances surrounding claimant’s injury need not be foreseeable as long as there was a foreseeable risk of a harm resulting from criminal activities of third persons. (Nallan v Helmsley-Spear, Inc., 50 NY2d 507.)
Clearly, had the incident occurred within the garage, there would be no dispute as to whether or not the landlord would be liable since it has been held that a landlord has a duty to take preventive action which is within its capacity to protect tenants against criminal activities of third parties on its premises. (Sherman v Concourse Realty Corp., 47 AD2d 134; Kline v Massachusetts Ave. Apt. Corp., 141 DC App 370; Nallan v Helmsley-Spear, Inc., supra; Skaria v State of New York, 110 Misc 2d 711.)
However, it is the opinion of this court that in cases such as this the landlord’s duty cannot be restricted to the confines of the apartment building and that the “protected area” should include that portion of the premises in the immediate vicinity of where entrance is gained to the building. The landlord in the instant case installed a security system which by its very nature would induce tenants to use that entrance to the garage as readily as the entrance within the building.
*912 The defendant landlord recognizing the possibility of intruders entering the garage through the pedestrian entrance, voluntarily undertook to install an electronic device to lock the door and as a result, the tenant was “lulled into a false sense of security” (Nallan v Helmsley-Spear, Inc., supra, p 522). When one voluntarily assumes the performance of a duty, he is required to perform it carefully, not omitting to do what an ordinary prudent person would do in accomplishing the task. (Skaria v State of New York, supra, citing Wolf v City of New York, 39 NY2d 568.) In the instant case, the electronic device was malfunctioning for at least eight days prior to the incident. The landlord, however, took no steps to correct this condition. Under the circumstances of this case, the inoperability of the device for eight days would constitute constructive notice.
As to the issue of proximate cause, it is the contention of the defendant that the defendant’s failure to keep the electronic device in good working order was not the proximate cause of tenant’s robbery. On the other hand, claimant contends that when she realized the pedestrian entrance door would not lock behind her, she decided that it would be safer to remain outside the garage in the open rather than enter into a secluded place. Based upon the weight of the credible evidence, the court finds that the claimant had the presence of mind as well as sufficient time to enter the garage in complete safety, to herself, and that she would have entered the garage except for the fact that the locking mechanism was inoperable.
Accordingly, the landlord’s failure to repair the defective electronic door lock was a proximate cause of the robbery committed upon the tenant. The fact that the immediate cause of the tenant’s loss was the act of a third party, i.e., a criminal, does not prevent the landlord’s negligence from being regarded in contemplation of law as the proximate cause. (Sherman v Concourse Realty Corp., supra.) The Restatement, Torts 2d (§ 449) provides that: “If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor “negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.”
*913 Therefore, based upon the afore-mentioned, the court finds that the defendant is liable to the claimant.
The court further finds that the claimant has sustained a loss in the sum of $300.
Judgment is awarded in favor of the claimant in the sum of $300.